## THE VERMONT ACADEMY OF MEDICINE *vs.* LANDON.

An order *nisi*
for a bill of
particulars is
not a stay of
proceedings
unless a stay
is directed by
it.

BILL of particulars.   On the *sixth* day of March last, a declaration was served on the defendant's attorney ; on the *eighteenth,* an order for a bill of particulars was served.   It was an order that the plaintiffs deliver a bill of particulars before the first day of April then next, or shew cause before the commissioner granting the same, why such bill should not be delivered, but it *did not direct a stay of proceedings in the mean time.*   On the *sixteenth day of April,* the plaintiffs entered the defendant's default for not pleading.   On the *twenty-third* day of April, a peremptory order for a bill of particulars and for a stay of proceedings until the delivery of the same, was served on the plaintiffs' attorney.   On the *twenty-fifth* day of April, a bill of particulars was delivered, and a notice of assessment served.

At the last may term, the defendant obtained a rule setting aside the default. The plaintiff moved to vacate that rule, excusing himself for not opposing the motion at the last term, by shewing the miscarriage of his papers, and the question as to the regularity of the entry of the default for not pleading was now considered.

UTICA,
August, 1829.

Anon,

*S. Miller*, for plaintiffs.

*S. Matthews*, contra.

*By the Court*, SAVAGE, Ch. J. An order for a bill of particulars is not in itself a stay of proceedings. It has not that effect unless it *directs* a stay of proceedings. The precedents, both in the king's bench and this court, uniformly contain such direction. Not being contained in the first order served in this case, the plaintiff was at liberty to proceed and enter the defendant's default for not pleading. The rule of last term is vacated, and the defendant's default is set aside on payment of the costs of the same, and of this motion.

---

## ANON.

THE court being applied to to fix the *per diem* allowance of *commissioners* in a partition suit, said that the practice of the court was to allow *three dollars* per day to each commissioner.

*Allowance to commissioners in partition $3 per diem.*

---

## ANON.

ON Saturday of the first week of term, after the submiting of non-enumerated business was closed, a motion was made for costs for attending prepared to oppose a motion, noticed for the first day of term, which had not been made. *Cur. ad. vult.*

*Motions for costs for not bringing on motions noticed for first week of term to be made on first Saturday. In all other*

cases, on the day succeeding that for which the notice is given.

On Monday morning of the second week of term, the court granted the motion, and heard and granted motions in similar cases ; and said that *for the future* such motions would be heard on *Saturday of the first week*, after the business was gone through with of submitting motions.\*

---

\* The following decisions also were made by the court, under the rules of May term last, requiring all notices of motions to be for the first day of term unless, &c. and all motions to be submitted during the first week of term.

Costs were asked on Monday of the second week by a defendant for attending prepared to oppose a motion for reference. The counsel for the plaintiff on the preceding day (Sunday) had received the papers for the motion, and now offered to submit them. The court refused to receive them, and granted the motion for costs, saying that motions noticed for the first day of the term *must* be submitted during the first week, and will not be received unless cause be shewn for the omission.

In another case, in which the notice was for Saturday of the first week and the motion made on that day, the court, on the succeeding Monday, refused to receive papers in *opposition*, although they had not come to the hands of counsel until that morning.

The court also refused to receive papers in the second week of term on a motion for a *mandamus*, no cause being shewn why the motion was not made in the first week.

So also a *trial by record* was refused to be heard in the second week, it being classed among the non-enumerated business, and therefore should have been moved in the first week.

On Monday of the *third* week of term, costs were moved for, for attending prepared to oppose a motion noticed for a day in the *second* week of term. On the next day the court granted the motion, and said that for the future they would hear motions for costs, in cases noticed for a day subsequent to the first week of term, on the day succeeding that for which the notice was given.